UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CESAR IBARRA GONZALEZ,

    Defendant.
_____/

No. CR 12-0482 PJH

**FINAL PRETRIAL ORDER**

This matter came before the court for a pretrial conference on November 7, 2012. At the hearing, the court ruled on several motions and other pretrial issues as stated on the record and summarized below.

**I.  Defendant's Motions in Limine**

    **A.  Motion to Exclude Other Act Evidence**

        **1.  Possession of False ID**

Evidence of defendant's possession of the false identification is admissible under Federal Rule of Evidence ("FRE") 404(b) to demonstrate the absence of a mistake and his preparation and plan in reentering the U.S. *See United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989). Evidence of the false ID is also admissible "as an admission 'by conduct, constituting circumstantial evidence of consciousness of guilt and hence of the fact of guilt itself.'" *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984) (quoting McCormick on Evidence § 271, at 655 (2d ed. 1972)). Therefore, the court DENIES defendant's motion to exclude the evidence regarding the false ID. Moreover, the court finds, notwithstanding defendant's objection, that the government timely disclosed the evidence.

### 2. Prior Conviction

Evidence of defendant's prior drug conviction will be permitted for the limited purpose of impeachment. *See United States v. Alexander*, 48 F.3d 1477, 1487-88 (9th Cir. 1995) (affirming district court's admission of evidence regarding prior conviction for impeachment purposes under FRE 609). Accordingly, the court DENIES defendant's motion to exclude the drug conviction under FRE 609, and GRANTS the government's related motion in limine to admit evidence of the prior conviction.

The parties are instructed to submit a jointly proposed limiting instruction regarding the evidence of defendant's prior conviction.

### B. Motion to Exclude Expert Testimony

The government's disclosure of its expert witness, dated October 23, 2012, satisfies the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G). *See* Def. MILs, Ex. B. Defendant's motion to exclude the expert is therefore DENIED. Defendant's request for a *Daubert* hearing is DENIED on the ground that the Ninth Circuit has approved expert fingerprint testimony for the same purpose and using the same methodology presented here. *United States v. Calderon-Segura*, 512 F.3d 1104, 1108 (9th Cir. 2008). Further, the court DENIES defendant's request for a time limitation on the expert's testimony regarding the fingerprint impressions.

### C. Motion to Withhold Indictment from Jury

Defendant's motion to withhold the indictment in its entirety is GRANTED as unopposed.

### D. Motion to Preclude Evidence Referring to Defendant as an "Alien"

The court DENIES defendant's motion to prohibit references to him as an "alien," given the government's agreement that it will not refer specifically to defendant as an "alien" but will use the term generally with respect to procedures. Documents in defendant's immigration file ("A-file") need not be redacted to remove references to defendant as an "alien."

2

The parties are instructed to submit a jointly proposed limiting instruction on the government's burden to prove alienage.

### E. Motion to Exclude Evidence that Defendant was "Found in" Jail

Defendant's motion to exclude evidence that he was found in jail is GRANTED as unopposed. However, the government may present evidence surrounding the circumstances of defendant's detention by the CHP. Before the government may use any additional evidence of defendant's arrest to impeach him or rebut any evidence he introduces that he was a law-abiding resident or that he was unfairly targeted for removal, it must identify the evidence for the court and defendant's benefit and must make an offer of proof as to the necessity of its use.

### F. Motion to Require the Government to Provide Inspection or Production of Certified Documents

Defendant's motion to compel the government to allow defendant to inspect certifications before trial is DENIED as moot, following defense counsel's representation that the parties will work out this matter.

### G. Motion to Exclude Admission of Certificate of Nonexistence of Record

Defendant's motion to exclude the certificate of non-existence of record ("CNR") is GRANTED. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1161 n.3 (9th Cir. 2010) (recognizing that a CNR is testimonial and that introducing a CNR would violate a defendant's confrontation right).

## II. Government's Motions in Limine

### A. Motion to Admit Defendant's Prior Statements

The government's motion to admit defendant's prior June 11, 2012 statements is GRANTED as unopposed. Defendant reserves his right to object at trial depending on the manner of introduction of the evidence.

### B. Motion to Admit A-File Documents as Self-Authenticating Public Records

Defendant's objections to the introduction of his A-file documents on the grounds that they refer to him as an alien and refer to other deportations, removals, and his prior

3

felony convictions, are overruled for the reasons set forth above with respect to defendant's motions in limine. Moreover, the Ninth Circuit has held that introduction of the A-file documents the government seeks to introduce (unlike the CNR) does not violate the Confrontation Clause, *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1034-35 (9th Cir. 2011), and are admissible as self-authenticating non-hearsay. *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1317-18 (9th Cir. 1997). The government's motion to admit defendant's A-file is therefore GRANTED. With respect to the form Warnings to Aliens Ordered Removed or Deported, the parties are ordered to redact the references to penalties and "aggravated felonies."

### C. Motion to Admit Certified Conviction Documents as FRE 609 Evidence

As discussed in section I.A.2, above, the government's motion to admit evidence of defendant's prior conviction for the purpose of impeachment is GRANTED.

### D. Motion to Prohibit Reference to Penalty

The government's motion to prohibit defendant from making any reference to the potential penalty if convicted of the offense is GRANTED. *See United States v. Olano*, 62 F.3d 1180, 1201-02 (9th Cir. 1995); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir.1991) ("it is inappropriate for a jury to consider or be informed of the consequences of their verdict").

### E. Motion to Exclude Evidence of Cultural Assimilation, Reference to Biographical Background to Invoke Sympathy from Jury, or Reasons for Re-entry

The government's motion to exclude evidence of defendant's cultural assimilation, his portrayal as a victim of immigration laws to invoke sympathy from jury, or his reasons for re-entry is GRANTED. Defendant will, however, be permitted to introduce evidence of his personal background.

### III. Government's Proffered Jury Instruction Regarding Voluntariness of Entry

The government proposes a jury instruction that pertains to the second element that it is required to prove in accordance with Model Instruction No. 9.8: that after removal, defendant voluntarily entered the United States. The proposed instruction is based on

4

1  Ninth Circuit cases that involved the sufficiency of the evidence regarding voluntary reentry,
2  holding that a jury may infer that "evidence of [the defendant] being in the United States a
3  distance from the border was sufficient in this case to justify any reasonable juror inferring
4  that he had voluntarily entered the United States." *United States v. Bahena-Cardenas*, 411
5  F.3d 1067, 1073-74 (9th Cir. 2005) (quoting *United States v. Quintana-Torres*, 224 F.3d
6  1157, 1159 (9th Cir. 2000)).  Defendant objects to the proposed jury instruction on the
7  ground that the Ninth Circuit cases concerned the sufficiency of the evidence as opposed
8  to a jury instruction on an element of the offense.  He argues that it is not a model
9  instruction, and that there is a risk the jury will misuse such an instruction or confuse the
10 government's burden of proof.

11 　　　　In *Bahena-Cardenas*, the Ninth Circuit held that the inference supported by the
12 proposed instruction was appropriate "in the absence of evidence suggesting that the
13 defendant entered the United States involuntarily."  *Id.*  However, it also suggested that its
14 holding was specific to those cases where the defendant "did not present any such
15 evidence."  *Id.*  Here, the court does not yet know what evidence of involuntariness
16 defendant may present, and the facts of this case may differ from *Bahena* and *Quintana*
17 and make such an instruction inappropriate.

18 　　　　The court therefore RESERVES ruling on the disputed proposed jury instruction and
19 will entertain further argument on the instruction at the conclusion of the evidence
20 presentation.

21 **IV.    Verdict Form**

22 　　　　The court having granted in part and denied in part defendant's objections to the
23 government's proposed verdict form at the pretrial conference, the government is
24 ORDERED to submit a revised verdict form on the first day of trial.

25 **V.    Jury Questionnaire/Voir Dire**

26 　　　　The court approves the jointly proposed voir dire questions, except as noted at the
27 pretrial conference, and requests that the parties file a jointly proposed jury questionnaire
28 which incorporates their questions into the court's standard questionnaire by 5:00 p.m.,

November 8, 2012.  The parties will each be given 30 minutes for followup questions after the court's voir dire of the panel.

**VI.    Trial Days and Times**

Trial will commence on Tuesday November 13, 2012, at 8:30 a.m. and continue until 4:00 p.m. that day, and continue on Thursday November 15, 2012, from 8:30 a.m. to 1:30 p.m., and on Friday November 16, 2012, from 8:30 a.m. to 4:00 p.m.

**IT IS SO ORDERED.**

Dated: November 8, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge